IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves a/k/a, Kathy Juanita Reaves, #50632, | Case No.: 4:24-6974-JD-TER |
| Plaintiff, | |
| vs. | ORDER AND OPINION |
| Kandace Bethea, Paula Grant, Stacy Wilbanks, Latoya Yates-Ford, Marion County SD, Marion County BOE, Angela Padgett (Brown), Charles J. Boykin, and Boykin& Davis, LLC, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 5), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Kathy Reaves's ("Plaintiff" or "Reaves") pleadings.[1]

### A. Background

Plaintiff, proceeding *pro se*, sued Defendants Kandace Bethea, Paula Grant, Stacy Wilbanks, Latoya Yates-Ford, Marion County SD, Marion County BOE, Angela

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Padgett(Brown), Charles J. Boykin, and Boykin& Davis, LLC (collectively "Defendants"). Plaintiff's Complaint alleges, among other things:

> Plaintiff asserts that the defendants violated the Fair Credit Reporting Act, 15 USC § 1681 et. seq. By taking adverse action against her while employed under contract as a classroom teacher with the State of South Carolina and Marion County School District in 2019. Plaintiff asserts that the employer took adverse action against her without evidentiary support, denying her the right to a hearing before the board, and denying her rights to appeal such action to the State Board of Education. Plaintiff also asserts that she filed a GBK Grievance against identified supervisors and was denied a hearing with those individuals, with the Superintendent intervening on speculation of what was said and what was not, relaying such information back to the Board of Education and the Board of Education making a determination to terminate Reaves' employment after placing her on administrative leave for an unbeknownst cause and based on speculation, i.e. communication relayed to the Superintendent by the Principal and Assistant principal of the school where Reaves was employed by the State of South Carolina as a classroom teacher.

(DE 1 at 1-2.) Plaintiff asserts causes of action for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., Denial of Due Process, 42 U.S.C. section 1983, Conspiracy, and Supervisory and Municipal Liability against various Defendants. (DE 1 at 5-9.)

### B. Report and Recommendation

On December 11, 2024, the Magistrate Judge issued the Report recommending that Plaintiff's Complaint be dismissed with prejudice and without service of process. (DE 8 at 4.) The Report found that Plaintiff failed to state a claim under the FCRA because

> Liberally construed, the conclusory allegations may be an attempt to invoke the statutory requirements underlying the "duties of users taking adverse actions on basis of information contained in consumer reports." 15 U.S.C. § 1681m(a). Any such claims fail as a matter of law; there is no private right of action under the users statute. *See Allen v.*

2

> *Kingwood Apartments*, No. 1:19-CV-992, 2021 WL 4310577, at *3 (M.D.N.C. Sept. 22, 2021), *report and recommendation adopted*, 2021 WL 4462731 (M.D.N.C. Sept. 29, 2021), *aff'd*, No. 21-2108, 2022 WL 521725 (4th Cir. Feb. 22, 2022). Section 1681m(h)(8) states that, "[t]his section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8)(B). "Virtually every federal district court and the only federal court of appeals to interpret [Section] 1681m(h)(8) has found it to be clear and unambiguous: the word 'section' means 'section,' and thus no private right of action exists for violations of [S]ection 1681m in its entirety." *Allen*, 2021 WL 4310577, at *3 (M.D.N.C. Sept. 22, 2021).

(DE 8 at 3.) The Report also found, among other things, that Plaintiff's Due Process, Conspiracy under section 1983 against the school/district defendants for terminating her employment and denying her a hearing in 2019 are barred by the statute of limitations. (*Id.*) The Report concluded that

> "A federal court may *sua sponte* dismiss a complaint as barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915 (2018)." *Harriot v. United States*, 795 Fed. Appx. 215, 216 (4th Cir. 2020), cert. denied, No. 20-5251, 2020 WL 5883643 (U.S. Oct. 5, 2020). State law provides the statute of limitations for § 1983 claims. In South Carolina, the applicable statute of limitations is generally three years. *See* S.C. Code Ann. § 15-3-530.

(*Id.*) Plaintiff's supervisory and municipal claims are equally time-barred. Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Reaves has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 8) and incorporates it here by reference.

It is, therefore, ORDERED that Plaintiff's Complaint (DE 1) is dismissed with prejudice and without service of process.

**IT IS SO ORDERED.**

January 24, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.